FILED
IN OPEN COURT

DEC - 4 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:13-CR-467-TSE |
| | ) | |
| v. | ) | |
| | ) | |
| MAHER OSAMA KHUDARI, | ) | |
| | ) | |
| Defendant. | ) | |

STATEMENT OF FACTS

The United States and the defendant, MAHER OSAMA KHUDARI, agree that, at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In and around December, 2012, through in and around October, 2013, in the Eastern District of Virginia and elsewhere, the defendant, Maher Osama Khudari, did knowingly and unlawfully combine, conspire, confederate, and agree with individuals with the initials "YT" and "LD," and others known and unknown, to use, attempt to use, possess, obtain, and receive documents prescribed by statute and regulation as authorization to stay in the United States, knowing the documents to be falsely made, procured by means of a false claim and statement, and otherwise procured by fraud and unlawfully obtained in violation of Title 18, United States Code, Section 1546(a). In doing so, the defendant, Maher Osama Khudari, committed acts to effect the object of the conspiracy, including altering at least 21 Strayer University transcripts and other documents knowing that each transcript and document would be used in support of a Department of Homeland Security Form I-20, filed with the United States government, to show

necessary prerequisites in order for foreign nationals to be eligible for or retain F-1 non-immigrant student visas, all in violation of Title 18, United States Code, Section 371.

2. The defendant, Maher Osama Khudari (hereinafter "Khudari") was employed as an admissions official for Strayer University in Arlington, Virginia from May, 2012, until October, 2013. As an admissions officer, Khudari had access to Strayer University's database containing, among other things, student biographical information and academic records. Khudari primarily worked with international students.

3. In or around June, 2012, Khudari met "YT" and "LD," who run Integrated Academics, a company based in McLean, Virginia that specifically caters to foreign national students. Integrated Academics touts itself as offering a full range of services to students, including securing university admissions, academic advising, and tutoring services.

4. In or around December, 2012, in an effort to assist his foreign national clients to fraudulently appear eligible to obtain and retain admission into universities, "YT" approached defendant Khudari and asked Khudari to provide altered Strayer University transcripts in "YT's" clients' names to make it appear that "YT's" clients had completed an English course at Strayer University. English proficiency is a necessary prerequisite to certain courses of study, including the courses of study being pursued by "YT's" clients, and thus is a material factor considered by admissions officers prior to issuing an F-1 nonimmigrant student visa. Khudari agreed to this fraudulent scheme because "YT" promised that he would pay Khudari for his services and because "YT" was a regular source of student referrals to Khudari which helped Khudari meet his enrollment targets at Strayer University. Khudari believed that "YT's" students would otherwise have been eligible for a different student visa that did not require English proficiency and limited the course of study to English language instruction.

5. Pursuant to federal law, foreign nationals who wish to study in the United States must apply for an F-1 nonimmigrant student visa. In order to receive an F-1 student visa, or maintain F-1 student status, a foreign national must, in relevant part, obtain a Student & Exchange Visitor Information System (SEVIS) Form I-20 Certificate of Eligibility for Nonimmigrant (F-1) Student Status from an authorized college or university (hereinafter "schools"). The Form I-20 is an official government form issued by schools that have been approved by the Department of Homeland Security to accept international students.

6. By issuing a Form I-20, a school certifies that a foreign national will enroll full-time as a student, has satisfied all admission requirements, has been accepted for admission, and has proven sufficient financial support. Federal law mandates, in relevant part, that where the selected course of study requires proficiency in English, approved schools must obtain proof of a foreign national's English language proficiency prior to issuing a Form I-20. The proof can be based on a foreign national passing an English language proficiency assessment or providing a transcript showing successful completion of basic English language classes. Question 6 of the Form I-20 specifically requires the sponsoring school to list the English proficiency of the foreign national. Federal law also requires the foreign national student to demonstrate that he or she has the necessary financial support to pay for the student's education. Question 8 of the Form I-20 specifically requires the sponsoring school to list the student's personal funds as well as funds from whoever was sponsoring the student.

7. Between December, 2012, and October, 2013, defendant Khudari, on at least 21 occasions, did knowingly create fraudulent academic transcripts and other documents to falsely show that foreign national students had satisfied the necessary prerequisites for the students to obtain an I-20 and thus were eligible to receive an F-1 nonimmigrant student visa.

More specifically, at "YT" or "LD's" request, defendant Khudari:

    a. On at least 20 occasions caused the creation of fraudulent official Strayer University transcripts by changing an actual student's name in Strayer University's database to reflect the name of the Integrated Academics client and then ordering an official transcript based on the altered information, thereby making it appear as if that client had satisfactorily completed English-115, a basic English class offered by Strayer University, which satisfied the English proficiency requirement in question 6 of the Form I-20.

    b. On at least one occasion, using his Strayer University computer, created a false letter purporting to be from a bank in Saudi Arabia attesting that an Integrated Academics' client sponsor had the necessary funds in his checking account to sponsor and pay for Integrated Academics' client's education in the United States, which satisfied the means of support requirement in question 8 of the Form I-20.

8. During the relevant time period and in furtherance of the conspiracy, defendant Khudari logged into the Strayer University system using his own unique username and password and, while in the system, made changes to student records including changing names and addresses. These changes were outside of the scope of the defendant's employment and violated Strayer University policies and procedures. Once the records were fraudulently modified, defendant Khudari would request that official and/or unofficial copies of the fraudulent transcripts be mailed to a variety of addresses including Integrated Academics' business address in McLean, Virginia and "YT" and "LD's" shared residential address in Falls Church, Virginia.

Integrated Academics' would, in turn, file these transcripts with the Form I-20 to falsely demonstrate that its foreign national student met the basic English proficiency requirement.

9. During and in furtherance of the conspiracy, defendant Khudari had numerous conversations with "YT" and "LD." It was Khudari's understanding, from these conversations, that "YT" and "LD" would, at times, personally deliver the fraudulent I-20 application packages which contained the altered Strayer University transcripts, to the schools issuing the I-20s, and would meet with the school officials on behalf Integrated Academics' clients. "YT" and "LD" would also, at times, list their business and residential address, as well as their email addresses, as the points of contact on the Form I-20 as well as on the university's I-20 processing paperwork.

10. During and in furtherance of the conspiracy, defendant Khudari, through his official Strayer University email account, had extensive email correspondence with "YT" and "LD," where "LT" and "LD" would request transcripts for Integrated Academics' clients and notify defendant Khudari of the clients' names, dates of birth, and in what classes the clients need to be enrolled. Khudari, in turn, agreed to and would alter the transcripts to include the requested information.

11. Defendant Khudari also exchanged numerous text messages related to the conspiracy with "YT," where "YT" would send the defendant the names and dates of births of the individuals for whom he was requesting altered transcripts. Khudari would then alter the transcripts with the requested information and would, at times, have the transcripts mailed to either Integrated Academics' business address or to "YT" and "LD's" shared residential address.

12. In return for defendant Khudari's services, "YT" provided several envelopes containing United States dollars to Khudari during the course of the conspiracy. The amount of money in these envelopes totaled approximately $10,000.00. Additionally, during the course of the conspiracy, "LD" provided Khudari with multiple checks totaling approximately $20,747.65 for his role in creating the false transcripts on behalf of Integrated Academics. At no time did defendant Khudari ever work as a tutor or employee for Integrated Academics. Khudari has not reported the amounts he received from Integrated Academics to the United States Internal Revenue Service.

13. On or about October 15, 2013, defendant Khudari was arrested by agents of the United States Department of Homeland Security and advised of his constitutional rights under the Fifth and Sixth Amendments of the United States Constitution. Immediately following his arrest, Khudari voluntarily waived his rights and, over the course of a three-hour interview, provided detailed information to the agents regarding the activities described in this Statement of Facts. Khudari also voluntarily consented to the search of his automobile, his cellular telephone, and a portable data storage device (thumb drive) that was in his possession.

14. The acts taken by defendant Khudari in furtherance of the offense charged in this case, including the acts described above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

15. This Statement of Facts includes those facts necessary to support the Plea Agreement between defendant Khudari and the government. It does not include each and every fact known to the defendant or to the government, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: *C. Alexandria Bogle*
C. Alexandria Bogle (LT)
Special Assistant United States Attorney
William P. Jauquet
Special Assistant United States Attorney

Date: 12/4/13

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: Dec 4, 2013

Maher Osama Khudari
Defendant

**Defense Counsel Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 12/4/2013

Andrew L. Hurst
Michael B. Roberts
Counsel for the Defendant